**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLOS MIRANDA,

    Plaintiff,
v.                                        Case No.:

HARBOR FREIGHT TOOLS
USA, INC.,

    Defendant.
_____/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Harbor Freight Tools USA, Inc. ("Defendant"), hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled as *Miranda v. Harbor Freight Tools USA, Inc.*, Case No. 22-CA-007789 (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division. In support of removal, Defendant states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On September 14, 2022, Plaintiff, Carlos Miranda ("Miranda" or "Plaintiff"), commenced this action against Defendant by filing a Complaint ("Complaint") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. A true and correct copy of the Complaint is

attached as **Exhibit A**.

2.  Defendant was served with the Complaint on October 6, 2022. A true and correct copy of the Return of Service is attached as **Exhibit B**.

3.  Defendant filed its Answer and Affirmative Defenses on October 26, 2022. A true and correct copy of Defendant's Answer and Affirmative Defenses is attached as **Exhibit C**.

4.  This action is properly removable under 28 U.S.C. § 1441, as this Court has original jurisdiction over the case under 28 U.S.C. § 1332(a)(1).

5.  In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for Hillsborough County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached as **Exhibit D**.

6.  A copy of the State Court Action's docket sheet is attached to this Notice of Removal as **Exhibit E**, and a copy of the Civil Cover Sheet is attached to this Notice of Removal as **Exhibit F**.

7.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all other process, pleadings, and orders served on Defendant and each other paper docketed in the State Court Action are attached as **Composite Exhibit G**.

## **THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)(1)**

8. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. This action is between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has original jurisdiction over this action.

### **Complete Diversity Exists Among The Parties.**

9. Plaintiff is a Florida resident. *See* Excerpt from Medical Record, attached as **Exhibit H** (identifying Plaintiff's address as being located in Tampa, Florida).

10. Defendant is a foreign corporation organized under the laws of Delaware, and its principal place of business is located in Calabasas, California. *See generally* Declaration, attached as **Exhibit I**.

11. Accordingly, the jurisdictional requirement of complete diversity of citizenship is satisfied.

### **The Amount In Controversy Exceeds $75,000.**

12. The jurisdictional requirement of the amount in controversy exceeding $75,000 is satisfied.

13. The Complaint does not state a dollar amount for the damages that Miranda seeks; however, Miranda asserts damages for serious bodily injuries

injury, including damages for resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. *See generally* Complaint, attached as **Exhibit A**.

14. Moreover, before filing suit, Plaintiff issued a demand to Defendant for damages allegedly associated with Plaintiff's injuries in an amount greater than the $75,000 jurisdictional threshold. A true and correct copy of the pre-suit demand letter is attached as **Exhibit J**.[1]

15. Plaintiff's pre-suit demand letter also states that Plaintiff's total medical bills exceed $179,000 (with a remaining balance of approximately $65,000), and Plaintiff also seeks to recover $27,597.50 for past wages lost allegedly due to the accident. *See generally* **Exhibit J**. These alleged damages—which do not include any amounts for pain and suffering, future medical care, or other categories of damages sought in the Complaint—exceed the jurisdictional threshold for diversity jurisdiction.

---

[1] The pre-suit demand package contains voluminous medical records for Plaintiff, which Plaintiff claims support the damages sought. Given the sensitive nature of medical records, including their general confidentiality under state and federal law, Defendant has not appended Plaintiff's medical records to the present filing. To the extent the Court requires additional proof of the damages claimed in order to determine whether diversity jurisdiction exists, Defendant will separately seek leave to file Plaintiff's medical records under seal.

16. It is clear from the face of the Complaint and Plaintiff's demand that the amount in controversy well exceeds the jurisdictional threshold of $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *see also AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cit. 2008) (holding that the amount-in-controversy requirement was satisfied where the plaintiff alleged in a pre-suit demand letter that it would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages").

17. Accordingly, this action is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

18. Defendant complies with the procedural requirements for removal based on diversity jurisdiction. See 28 U.S.C. § 1446.

19. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where the action is pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See* 28 U.S.C. § 1446(a).

20. <u>Removal is Timely</u>. Defendant is entitled to remove this action within thirty days of receipt of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1). Plaintiff served the Complaint on Defendant on October 6, 2022. *See* **Exhibit B**. Accordingly, this Notice of Removal is timely.

21. <u>Pleadings and Process</u>. In compliance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b), Defendant attaches as **Exhibits A** through **F**, and **Composite Exhibit G** all process, pleadings, and orders received in the state court action.

22. <u>Notice</u>. Harbor Freight will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, a copy of which without exhibits is attached hereto as **Exhibit D**, with the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as required by 28 U.S.C. § 1446(d).

23. In filing this Notice of Removal, Defendant reserves all rights and defenses.

WHEREFORE, Defendant requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1441(a).

November 4, 2022

        Respectfully submitted,

        */s/Joseph H. Varner, III*
        HOLLAND & KNIGHT LLP
        Joseph H. Varner III
        Florida Bar No. 394904
        Brian S. Goldenberg
        Florida Bar No. 125001
        100 North Tampa Street, Suite 4100
        Tampa, FL  33602
        Telephone:  813.227.8500
        Fax:  813.229.0134
        joe.varner@hklaw.com
        Secondary e-mail:
        gloria.mcknight@hklaw.com
        brian.goldenberg@hklaw.com
        Secondary e-mail:
        wendysue.henry@hklaw.com

        *Counsel for Harbor Freight Tools USA, Inc.*

#180087653_v1