# EXHIBIT A

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CARLOS MIRANDA,

    Plaintiff,

v.

    Case No.:

    Division:

HARBOR FREIGHT TOOLS
USA, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff sues defendant and alleges:

1. This is a cause of action for damages in excess of $30,000, exclusive of attorneys' fees and costs.

2. Defendant is now, and at all times material mentioned in this complaint was, engaged in the selling to the general public of Franklin Brand Multi-Task Ladders, model number 63417 ("ladder").

3. Plaintiff purchased the ladder from defendant's Fletcher Avenue store in Hillsborough County, Florida in February of 2018.

4. On or about April 3, 2019, the plaintiff, while using the ladder as it was meant to be used, was injured when the feet of the ladder slid causing the ladder and the plaintiff to fall from a height.

1

## COUNT I-NEGLIGENCE

5. This is a cause of action for common law negligence.

6. The allegations of paragraphs 1 through 4 are specifically re-alleged herein.

7. The Defendant, as the retailer of the ladder, owed a duty to sell products fit for their intended use, free of defects, and to warn purchasers any defects in those products as they become known.

8. The Defendant breached the duties owed to the Plaintiff by: 1) failing to warn, or adequately warn, the public, including the plaintiff, that ladder could slide and cause a fall from a height; 2) failing to warn or adequately warn the public, including the plaintiff of the risks associated with the ladder; and 3) failing to otherwise exercise due care with respect to the warning and sale of the ladder or the to conduct proper inspection of the ladder for defects prior to selling the product to the public.

9. As a direct and proximate result of the negligence of the defendant, plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, aggravation of pre-existing injuries, lost wages, and impaired earning capacity.  These losses are permanent and continuing in nature and plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against defendant for damages, costs of suit, interest, and any other relief that the court deems just and proper. Plaintiff hereby demands trial by jury on all issues so triable.

## COUNT II—STRICT LIABILITY

10. This is a cause of action for strict products liability.

11. The allegations of paragraphs 1 through 4 are specifically re-alleged herein.

12. The above-described ladder sold to the plaintiff by the defendant contain a defect or defects that made it unreasonably dangerous (including failure to warn and inadequate warnings) when used in the manner and for the purpose for which it was intended, such that the feet of the ladder were subject to sliding causing the ladder to fall and injuring users without notice during its normal use.

13. At the time defendant sold the above-described ladder, defendant knew that users of the ladder would not inspect it for defects, or that the defects were such that a user of this type of ladder could not have discovered them upon reasonable inspection.

14. On or about April 3, 2019, while plaintiff was using the ladder in the normal and customary manner, the ladder slid causing the Plaintiff to fall from a height.

3

15. As a direct and proximate result of the defect or defects manufactured and introduced into the stream of commerce by defendant, plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, aggravation of pre-existing injuries, lost wages, and impaired earning capacity. These losses are permanent and continuing in nature and plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against defendant for damages, costs of suit, interest, and any other relief that the court deems just and proper. Plaintiff hereby demands trial by jury on all issues so triable.

### COUNT III—BREACH OF WARRANTY

16. This is a cause of action for breach of warranty.

17. At all times material, the defendant executed an express warranty to plaintiff whereby defendant expressly warranted the ladder sold to the plaintiff to be free of defects of the type that would cause the ladder to slide and fall.

18. The plaintiff was in privity of contract with the defendant as beneficiaries of the express warranty. Said express warranty was delivered to the plaintiff as part of the sale of the ladder and was consideration for the sale of the ladder. Plaintiff does not have possession of the express warranty, the express warranty is available to the defendant, and one will be obtained in discovery.

19. The defendant sold the Plaintiff the ladder in a condition not fit for ordinary use, that is to say, that the ladder was subject to sliding when weight was applied, causing a user to fall from a height.

20. The plaintiff was the original purchaser of the ladder which is the subject of this suit.

21. The defendant impliedly warranted that the ladder was fit for the purposes for which it was manufactured and that it was merchantable.

22. The defendant breached the express and implied warranties when it sold and delivered to the plaintiff the ladder in a defective and dangerous condition, as described above.

23. The defendant has been notified of the plaintiff's intent to rely upon all applicable warranties, both express and implied. Defendant has denied payment under those warranties, which constitute a breach of warranty.

24. As a direct and proximate result of the defendant's breach of the express and implied warranties, the plaintiff suffered damages, including bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, aggravation of pre-existing injuries, lost wages, and impaired earning capacity and property damage. These losses are permanent and continuing in nature and plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against defendant for damages, costs of suit, interest, and any other relief that the court deems just and proper. Plaintiff hereby demands trial by jury on all issues so triable.

/s/*Michael V. Laurato*
MICHAEL V. LAURATO
Florida Bar No. 181447
AUSTIN & LAURATO, P.A.
1902 W. Cass Street
Tampa, Florida 33606
(813)258-0624
(813)258-4625 Facsimile
TRIAL COUNSEL FOR PLAINTIFF
Primary:  efile@austinlaurato.com
Secondary:  mlaurato@austinlaurato.com